IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-75,296-02






EX PARTE CHARLES G. RUIZ, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 1993CR0904 IN THE 175TH DISTRICT COURT


FROM BEXAR COUNTY






 Per curiam.

 

O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure,
the clerk of the trial court transmitted to this Court this application for writ of habeas corpus.
Ex parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of
aggravated sexual assault and sentenced to 65 years' imprisonment. The conviction and
sentence were affirmed on direct appeal. Ruiz v. State, 04-94-00060-CR (Tex. App. - San
Antonio del. Apr. 5, 1995).

 Applicant, through habeas counsel, alleges multiple points of ineffective assistance
of trial counsel. He also complains he was denied due process and a fair trial. All these
claims were raised in a prior writ application this Court dismissed as non-compliant. In the
prior writ proceeding, the State alleged the doctrine of laches should be applied to
Applicant's ineffective assistance of counsel claims. See Ex parte Carrio, 992 S.W.2d 486
(Tex. Crim. App. 1999). For laches to apply, the State must make a particularized showing
that Applicant's unreasonable delay in filing his writ application prejudiced its ability to
respond to the allegations raised in the writ application. Id. Delay alone does not demonstrate
such particularized prejudice. Id. 

 In affidavits supplied in the prior writ proceeding, trial counsel indicated, inter alia,
that he remembered the case clearly even though he also indicated he did not remember jury
selection. On the record supplied to this Court, the State has not demonstrated a
particularized showing of prejudice regarding all the ineffective assistance of counsel
allegations raised by Applicant as a whole. The case is remanded to the trial court so the State
may argue individual allegations are barred by laches.

 The trial court shall hold a live evidentiary hearing to resolve the disputed issues of
fact raised in the pending writ application. It appears to this Court that Applicant is
represented by counsel, but the trial court shall confirm whether Applicant continues to be
represented. If Applicant is not represented by counsel and if he desires representation, the
trial court shall determine whether Applicant is indigent. If Applicant is indigent, the trial
court shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc.
art. 26.04. 

 If the State elects to assert a laches defense to a particular allegation, the trial court
shall make findings regarding whether the State has been prejudiced in its ability to respond
to the allegation as discussed in Carrio, supra. If laches is not shown to be applicable or is
not proven, the trial court shall enter findings of fact regarding whether the performance of
Applicant's trial attorney was deficient and, if so, whether counsel's deficient performance
prejudiced Applicant. The trial court shall also enter findings of fact regarding Applicant's
remaining due process claims and may enter any other findings of fact that it deems relevant
and appropriate to the disposition of Applicant's claims for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact
issues. The issues shall be resolved within 90 days of this order. If any continuances are
granted, a copy of the order granting the continuance shall be sent to this Court. A
supplemental transcript containing all affidavits and the transcription of the court reporter's
notes from the hearing, along with the trial court's supplemental findings of fact, shall be
returned to this Court within 120 days of the date of this order. Any extensions of time shall
be obtained from this Court. 



Filed: November 9, 2011

Do not publish